ROBERT P. SMITH, Jr., Judge.
The Missouri receiver for two insolvent Missouri-chartered entities, Missouri Gener *590 al Insurance Co. and Consolidated Underwriters, a “reciprocal insurance exchange,” appeals from a Leon County Circuit Court receivership order holding, on the evidence submitted, that the two were operated as one, their assets pooled and liabilities shared, and, consequently, that the Section 624.411[1] security deposit held in trust by the Florida Department of Insurance for Missouri General insureds and creditors in Florida, of whom there are none, may be retained by the Department as ancillary receiver for the account of Consolidated, whose several Florida risks were incurred before a deposit was required, and which therefore made no security deposit for the protection of its insureds. By agreement of the parties the circuit court decided the issue of comingling without testimony, by reference to formal agreements, accountants’ notes, and other skeletal and suggestive documentary material. The stipulated evidence gave off strong inferences that the corporate managers of Missouri General and Consolidated comingled their assets and from them paid liabilities of both companies on a percentage basis by agreement which, for aught that appears, was without regard for or consent of the Florida policyholders and creditors of Missouri General. The same Missouri receiver of yet another Missouri insurance corporation, Medallion Insurance Company, which was Consolidated’s successor and corporate owner of Missouri General, received and applied to the credit of Medallion $1,000 of subrogation benefits payable in Florida to the insolvent Consolidated.
The questions therefore are two:
Is there evidence on which the circuit court could properly have found that Missouri General and Consolidated were operated and their assets comingled as though they were one, justifying a judicial disregard of the separate entities? Yes. This record does not permit or require a discriminating analysis of the complex evidence one would expect on such an issue, for of that there was none. For reversal, the Missouri receiver argues only debatable inferences from the documents on which it was content to submit the case, to the chancellor, whose judgment we will not disturb on such questions.
Is there any view of the circumstances which would justify the chancellor, on the findings made, to regard the Florida deposit of Missouri General as an asset of Consolidated, held by its Florida ancillary receiver in trust for Consolidated’s Florida insured and creditors? Yes. Levenstein v. Sapiro, 279 So.2d 858 (Fla.1973); 19 J. Appleman, Insurance Law & Practice, Section 11092 (1946). When the corporate distinction between Missouri General and Consolidated has been disregarded by them, and hence by a court having power to characterize their common funds, the question is no longer who owns the deposit — both do, or either does — but is rather whether the deposit is still in trust. We hold that the deposit remains in trust, for the expanded class of common Florida beneficiaries. It being unnecessary to apply Missouri General’s Florida deposit to satisfy the Florida insureds and creditors of that diffused and disregarded entity, whose funds are Florida-entrusted assets of Consolidated, the entity which was made indistinguishable from Missouri General by operation of law and the acts of Missouri General, Consolidated, Medallion, and their common principals.
AFFIRMED.
MILLS, C. J., and SHIVERS, J., concur.

. Missouri General’s $90,000 deposit, with accrued interest is subject to Section 624.411(2), Florida Statutes (1977), providing:
Such deposits shall be for the protection of the insurer’s policyholders or its policyholders and creditors
And it is subject to Section 625.53, providing:
The Department shall take, receipt for and hold in trust deposits made under this code for the purpose or purposes for which the respective deposits were made.